UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LYNNETTE TATUM-RIOS, *Individually and on behalf*  :
*of all other persons similarly situated*,   :
                            Plaintiff,         :             22-CV-2927 (JMF)
:
          -v-                    :            ORDER OF DISMISSAL
:
BODY RESTORE, INC.,   :
                          Defendant.   :
                                       X
------------------------------------------------------------------------

JESSE M. FURMAN, United States District Judge:

       The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff was ordered to file any motion for default judgment no later than August 4, 2022, and failed to do so. The Court then ordered Plaintiff to show cause, in writing, by August 12, 2022, as to why the Court should not dismiss this case for failure to prosecute. *See* ECF No. 10. The Court warned that failure to comply with that order could result in dismissal without further notice. *See id.* To date, Plaintiff has not filed any written submission in response to the order to show cause.

In light of Plaintiff's apparent unwillingness to proceed with this case, dismissal of the case is warranted. Accordingly, it is hereby ORDERED that the case is dismissed with prejudice for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 16, 2022
      New York, New York

                                            JESSE M. FURMAN
                                         United States District Judge